**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03681 JAK (Ex) | Date | May 16, 2012 |
|---|---|---|---|
| Title | Kraft Americas, LP v. Oldcastle Precast, Inc. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

In this action, Plaintiff Kraft Americas L.P. brings two state law causes of action against Defendant Oldcastle Precast, Inc., arising out of an alleged breach of contract. Complaint ("Compl."), Dkt. 1.

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, see *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Plaintiff seeks to invoke the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction). Compl. ¶ 2. Diversity jurisdiction exists only where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). A limited partnership "is a citizen of all of the states of which its partners are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c); *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994).

Plaintiff has satisfied the amount-in-controversy requirement because it requests damages in excess of $75,000. Compl. ¶ 2. Plaintiff has properly pleaded Defendant's citizenship, by alleging that Defendant is a Washington corporation with its principal place of business in Washington state. *Id.* at ¶ 5. However, Plaintiff has not adequately pleaded its own citizenship. Plaintiff pleads that it is a "Delaware limited partnership." *Id.* at ¶ 4. However, this is insufficient to establish Plaintiff's citizenship because Plaintiff does not plead the citizenship of its partners.

The party seeking to establish the Court's jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Here, Plaintiff has not properly pleaded its citizenship, and, therefore, has not established diversity jurisdiction. Accordingly, the Court issues this Order to Show Cause Re Subject Matter Jurisdiction. On or before **May 30, 2012**, the parties are to submit any memoranda, each of which is not to exceed five pages, with respect to whether this Court has subject matter jurisdiction over this action.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-03681 JAK (Ex) | Date | May 16, 2012 |
| Title | Kraft Americas, LP v. Oldcastle Precast, Inc. | | |

Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is required or if the matter can be addressed by the Court without a hearing.

**IT IS SO ORDERED.**

                                                   _____ : _____

Initials of Preparer    ak